UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DARRYL MCGORE, #142739,

      Plaintiff,

v.                                                      Case No. 11-12994

DETROIT POLICE OFFICERS, et al.,

      Defendants.

_____/

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS, DENYING MOTION FOR DISCOVERY, AND SUMMARILY DISMISSING COMPLAINT**

      Before the court is another in a long series of Plaintiff Darryl McGore's *pro se* civil rights complaints, filed pursuant to 42 U.S.C. § 1983. A motion for discovery and an application to proceed without prepayment of fees and costs are pending as well. *See* 28 U.S.C. § 1915(a)(1). Plaintiff is a state prisoner confined at the Oaks Correctional Facility in Eastlake, Michigan. His complaint, written by Plaintiff in a nearly illegible hand, as is his habit, concerns his 1976 arrest and resulting conviction. Plaintiff names Detroit Police Officers and Wayne County Prosecutors as the defendants in this action and seeks monetary damages. The court will deny Plaintiff's application to proceed without prepayment of fees and costs, deny Plaintiff's motion for discovery, and dismiss the above-captioned complaint pursuant to 28 U.S.C. § 1915(g).

      Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute provides in part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three strikes" provision requires the court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigant. As early as thirteen years ago, in the course of dismissing another of his many cases, this judge listed several cases previously terminated as frivolous. *McGore v. Hudson*, No. 98-cv-10080-BC (E.D. Mich. June 6, 1998). Very recently this judge dismissed yet another McGore case in *McGore v. Shenk*, No. 11-12133 (E. D. Mich., June 8, 2011).

As noted in those orders, and elsewhere, court dockets in the Eastern and Western Districts of Michigan reveal that McGore has filed more—far more—than three prior civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See, e.g., McGore v. Michigan Supr. Ct. Judges*, No. 1:94-cv-00517 (W.D. Mich. Jan. 25, 1995); *McGore v. Nardi*, No. 2:93-cv-00137 (W.D. Mich. Aug. 2, 1993); *McGore v. Stine*, No. 2:93-cv-00112 (W.D. Mich. July 26, 1993);

*McGore v. Stine*, No. 2:93-cv-00077 (W.D. Mich. April 30, 1993). Although the dismissals noted in this list were entered before the PLRA's enactment, they nevertheless count as strikes. *See Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir.1998). In addition, Plaintiff has previously been denied leave to proceed *in forma pauperis* for having three strikes. *See, e.g.*, *McGore v. Lutz, et al.,* No. 09-13031 (E.D. Mich. Aug. 11, 2009); *McGore v. Rich, et al.*, No. 1:09-cv-00395 (W.D. Mich. July 6, 2009); *McGore v. McKee, et al.*, No. 1:04-cv-00421 (W.D. Mich. Aug. 11, 2004); *McGore v. Gundy, et al.*, No. 1:00-cv-00155 (W.D. Mich. March 15, 2000).

Plaintiff has acquired "three strikes" many times over, and consequently cannot proceed without prepayment of the filing fee unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and that the danger of serious physical injury exists when the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). The events giving rise to Plaintiff's complaint, his 1976 arrest and conviction, do not meet this standard. Plaintiff has thus failed to show that he falls within the exception to the three strikes rule.

The court will dismiss Plaintiff's complaint. This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee. Any such fee-paid complaint will be reviewed, nonetheless, to determine whether it should be served upon the defendants or summarily dismissed pursuant to 28 U.S.C. § 1915A(b), which requires the court to dismiss a complaint brought against governmental entities, officers,

and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

Lastly, the court concludes that the application of the "three strikes" provision of 28 U.S.C. § 1915(g) is so well settled that an appeal from this order would be frivolous and, therefore, cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997). Accordingly,

IT IS ORDERED that Plaintiff's application to proceed without prepayment of fees and costs [Dkt. #2] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for discovery [Dkt. #3] is DENIED.

Finally, IT IS ORDERED that Plaintiff's complaint [Dkt. #1] is DISMISSED pursuant to 28 U.S.C. § 1915(g).

   s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 19, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 19, 2011, by electronic and/or ordinary mail.

   s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\11-12994.MCGORE.Summary.Dismiss.IFP.1915.cb.2.wpd